**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBIN HILL, | ) | CASE NO. 5:20-cv-1428 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BABCOCK & WILCOX, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion for partial judgment on the pleadings filed by defendant Babcock & Wilcox ("B&W") seeking to dismiss Count III of the complaint. (Doc. No. 7 ["PMJP"].) Plaintiff Robin Hill ("Hill") opposes the motion (Doc. No. 9 ["Opp'n"]), and B&W has filed a reply (Doc. No. 10 ["Reply"]). For the reasons set forth herein, the motion is granted and Count III is dismissed.

**I. BACKGROUND**

On June 29, 2020, Hill filed a complaint in federal court asserting three causes of action. (Doc. No. 1 ["Compl."].) Count I raises a claim of disability discrimination under Ohio Rev. Code § 4112.02. Count II alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Count III, the subject of the present motion, raises a claim of interference with rights protected by the Family Medical Leave Act ("FMLA"). (*See generally* Compl.)

The claims all relate to Hill's employment with B&W. According to the complaint, Hill

was hired by B&W as an Accounts Payable Clerk in 2016. (Compl. ¶ 10.) She was eventually promoted to the position of Order Administrator and held that position until her discharge in January 2020. (*Id*.) Relevant to the pending motion, on November 18, 2019, Hill left work "and went straight to the emergency room with chest pains." (*Id*. ¶ 13.) She was admitted to the hospital where she remained for one week because of "dangerously high" blood pressure. (*Id*.) Hill represents that she communicated her hospitalization to B&W management, as well as her buyers, via text messages. (*Id*. ¶ 15.)

On November 19, 2019, Hill advised B&W Supply Chain Purchasing Manager Brian Allio ("Allio") that she would return to work on November 26, 2019. (*Id*. ¶ 16.) Allio "suggested" Hill use sick leave plus one day of annual leave to avoid qualifying for short term disability under the company's plan. (*Id*. ¶ 17.) Hill followed Allio's suggestion and used a combination of sick leave and annual leave to cover her absence. She return to work on November 26, 2019 and worked her regular hours through the holiday season. (*Id*. ¶ 18.)

On January 14, 2020, Allio "abruptly placed [Hill] on a Performance Improvement Plan (PIP), despite the fact that she had been off work for medical reasons and because of the holiday season." (*Id*. ¶ 21.) The PIP identified communication with management and buyers as one area of deficiency. (*Id.* ¶ 23.)

On January 15, 2020, Hill was out again with issues associated with high blood pressure. Once again, she communicated her absence to management and her buyers via text messaging. (*Id*. ¶ 27.) On January 22, 2020, Hill received an email from Allio following up on her PIP. According to the complaint, the email was positive. (*Id*. ¶ 28.) Attached to the email was a copy of B&W's FMLA policy, which Allio indicated he was including should Hill wish to use the

"resources available" to her. (*Id.* ¶ 29.) Even though he sent her FMLA documents, Allio continued to encourage Hill to use vacation time for any absences associated with her illness. (*Id.* ¶ 30.) On January 28, 2020, B&W terminated Hill's employment, purportedly due to her failure to meet the requirements in the PIP. (*Id.* ¶ 32.) Hill further alleges that she intended to apply for FMLA leave but was terminated before she could submit the paperwork. (*Id.* ¶ 31.)

## II. STANDARD OF REVIEW

B&W brings its motion under Rule 12(c) of the Federal Rules of Civil Procedure. The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion to dismiss under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff*, 133 F.3d at 421 (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874–75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint[]"); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings

is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[]").

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

The FMLA provides up to twelve weeks of unpaid leave for a qualifying employee for a variety of reasons, including "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Employers may not interfere with an employee's FMLA rights. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); *see Arban v. West Publ'g Corp*., 345 F.3d 390, 400–1 (6th Cir. 2003). Additionally, § 2615(a)(2) makes it unlawful for an employer to "discharge or in any manner discriminate against an individual for opposing any practice made unlawful" by the

FMLA. 29 U.S.C. § 2615(a)(2).

The Sixth Circuit recognizes "two discrete theories of recovery under the FMLA: (1) the so-called 'interference' or 'entitlement' theory arising from § 2615(a)(1), and (2) the 'retaliation' or 'discrimination' theory arising from § 2615(a)(2)." *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012). "The significant difference between an interference and a retaliation claim is the causal connection element, which encompasses an employer's intent; in contrast to the interference theory, under the retaliation theory, 'the employer's motive is an integral part of the analysis.'" *Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 338 (6th Cir. 2009) (quoting *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006)).

B&W seek dismissal of Count III, which purports to raise a FMLA interference claim presumably under § 2615(a)(1). (Compl. ¶ 65; *see id.* at 8[1] (Count III Heading).) Count III relies on the factual allegations relating to Hill's need to miss work due to her high blood pressure, her communications with Allio—including his presentation of FMLA documents—and her discharge to support her claim. (*Id.* ¶¶ 62–64.) The complaint then alleges that B&W interfered with her FMLA rights in two ways: (1) "by instructing her not to use FMLA for her serious medical condition" and (2) "by terminating her before she could exercise her rights under the FMLA." (*Id.* at ¶ 65.)

To establish a *prima facie* case, a plaintiff bringing an interference claim under the FMLA must demonstrate: (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave her employer notice of her intention to take leave; and (5) her employer denied or interfered with

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

FMLA benefits to which she was entitled.[2] *Wallace v. FedEx Corp*., 764 F.3d 571, 585 (6th Cir. 2014); *Walton v. Ford Motor Co*., 424 F.3d 481, 485 (6th Cir. 2005). Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave[,]" and "manipulation by a covered employer to avoid responsibilities under [the] FMLA[.]" 29 C.F.R. § 825.220(b). B&W insists that Hill has failed to plausibly allege the fifth *prima facie* element of her FMLA interference claim by either instructing her to utilize sick and annual leave or by preventing her from taking future FMLA leave.

With respect to her assertion that B&W interfered with her FMLA rights by instructing her not to use FMLA leave, B&W posits that it is legally insufficient because Hill suffered no prejudice as a result of this alleged interference.[3] (MPJP at 45.) "[T]he mere occurrence of interference with an employee's FMLA rights is not a *per se* FMLA violation." *Allen v. Butler Cnty. Comm'rs*, 331 F. App'x 389, 394 (6th Cir. 2009). The "FMLA does not provide a remedy 'unless the employee has been prejudiced by the violation. . . . . The remedy is tailored to the harm suffered.'" *Theiss v. Walgreen Co*., 632 F. App'x 829, 832 (6th Cir. 2015) (quoting *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89, 122 S. Ct. 1155, 152 L. Ed. 2d 167 (2002)). Here, Hill does not allege that she requested and was denied FMLA leave, and while she alleges that she was encouraged to take other types of leave, instead of "job-protected [FMLA] leave," she does not allege that she suffered any negative consequences from taking leave or was

---

[2] In contrast, to make out a *prima facie* case of FMLA retaliation, a plaintiff must show: (1) she was engaged in a statutorily protected activity; (2) the employer knew she was exercising her FMLA rights; (3) she suffered an adverse employment action; and (4) a causal connection exited between the protected FMLA activity and the adverse employment action. *Seeger*, 681 F.3d at 283.

[3] As discussed more fully *infra*., there are no factual allegations that support the conclusion that Hill was "discouraged" from taking FMLA leave.

6

terminated while she was on leave.[4] (*See* Compl. ¶ 64.) Rather, the complaint allegations clearly provide that she returned from paid leave and resumed her duties. (*Id*. ¶ 18.)

Further, "[t]he FMLA recognizes that FMLA benefits and sick pay benefits are separate benefits." *Williams v. Lyondell-Citgo Refining Co. Ltd.*, No. Civ.A H-04-2321, 2005 WL 1562422, at *5 (S.D. Tex. July 1, 2005) (citing *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1205 (11th Cir. 2001)). An employer may require an employee to use accrued paid leave for some or all of an FMLA qualifying leave, provided the employer properly notifies the employee of the designation. *See Allen v. Butler Cnty. Comm'rs*, 331 F. App'x 389, 393 (6th Cir. 2009). Hill does not allege that any of her paid leave was improperly counted against her FMLA entitlement or that B&W failed to inform her of any such designation. Accordingly, these complaint allegations fail to establish that any suggestion or instruction to take paid leave resulted in prejudice or harm to Hill and, therefore, fails to state a claim for relief. *See Theiss*, 632 F. App'x at 833; *see, e.g., Taylor v. J.C. Penney Co., Inc.*, No. 16-cv-11797, 2017 WL 1908786, at *6 (E.D. Mich. May 10, 2017) (employee who was required to take company-offered paid time off for FMLA qualifying leave did not state a claim for FMLA interference).

As for Hill's assertion that B&W interfered with her FMLA rights by cutting off possible future leave requests, B&W argues that it, too, is legally insufficient and directs the Court's attention to its prior decision in *Baldwin-Kaba v. InfoCision, Inc*., No. 5:18-cv-2478, 2019 WL

---

[4] While Hill complains she was placed on a PIP after returning from medical leave, she does not raise a FMLA retaliation claim or otherwise allege she was retaliated against for taking leave.

7

1115890 (N.D. Ohio Mar. 11, 2019). In *Baldwin-Kaba*, the employee had previously been allowed to take FMLA intermittent leave but alleged that she was terminated so that she could not make similar requests in the future. The Court found that the employee's "interference" claim was "more in the nature of what is called 'termination-as-preemption.'" *Id*. at *4. Relying on a decision from another district court within the Sixth Circuit that considered and rejected a similar claim, the Court ruled that such a claim—which "essentially merged" elements from interference and retaliation claims—failed to state a cause of action because the employee successfully took FMLA leave and returned to work and, therefore, was not denied FMLA leave to which she was entitled. *Id*. (quoting *Laws v. HealthSouth N. Ky. Rehab Hosp*., 828 F. Supp. 2d 889 (E.D. Ky. 2011)) (quotations omitted); *see also Nilles v. Givaudan Flavors Corp*., No. 1:10-cv-919, 2012 WL 1537613, at *7 n.23 (S.D. Ohio May 1, 2012) (speculation that employment was terminated because the employer was "concerned about the 'future possibilities' of [the employee] needing more FLA leave[] . . . is insufficient to support a FMLA claim as a matter of law").

But Hill directs the Court to another district court case—*Crossley v. City of Coshocton*, No. 2:13-cv-804, 2015 WL 1247005 (S.D. Ohio Mar. 18, 2015)—as support for her claim based on anticipated future FMLA requests. In *Crossley*, the employee alleged that she requested FMLA leave associated with her husband's colon cancer but that her employer took no action on her completed FMLA application and forms. In particular, she complained that her employer did not provide her with eligibility notice under 29 C.F.R. § 825.330(b) or "notice of her rights and responsibilities as required by 29 C.F.R. § 825.300(c)." *Id*. at *1. The employee took off approximately 13 days that were covered by vacation or compensatory time to care for her

husband, but that, within hours of advising her supervisor that she would be taking additional time off to take her husband to a scheduled chemotherapy appointment, she was discharged. *Id.* \*2. In the civil action that followed, the employee raised FMLA claims for interference and retaliation. *Id.*

The district court denied the employer's motion for summary judgment on the FMLA claims. With respect to the interference claim, the court noted that an employer "may run paid sick leave and unpaid FMLA leave consecutively, thereby granting the employee a more generous benefit than the FMLA alone would provide." *Id.* at \*5. Nonetheless, it held that the employer could "not avoid liability solely on the ground that it was providing [the employee] paid sick leave instead of unpaid FMLA leave." *Id.* Otherwise, the court explained, an employer could avoid potential liability under the FMLA "simply because it elected to count [the employee's] absences as paid sick leave." *Id.* "Because there [was] no dispute that [the employee's] employment was terminated prior to her taking the full amount of time that she was entitled to under the FMLA," the court found that the employee might "be able to demonstrate harm caused by the alleged violation." *Id.*

The facts in *Crossley* are materially distinguishable from the factual allegations set forth in Hill's complaint. First, unlike the plaintiff in *Crossley* who requested FMLA leave, Hill never made such a request. And while Hill offers the conclusory allegation that she was "discouraged" from taking FMLA leave, the factual allegations do not support this claim. Rather, the complaint specifically states that Allio encouraged her to take sick leave—not to avoid the protections of the FMLA—but to avoid falling under the company's short term disability policy. (Compl. ¶ 17.) The only factual reference to the FMLA involves Allio's unprompted transmission of the

9

company's FMLA policy in case Hill wanted to avail herself of "resources available" to her. (*Id.* ¶ 29.)

Second, the court in *Crossley* simply clarified that an employer cannot manipulate a FMLA qualifying leave by designating it as sick leave so as to avoid the protections of the Act. *Id.* at *5. In so ruling, the court relied on *Strickland*, wherein an employee was terminated for leaving the job site while suffering a diabetic attack. While the employer argued that the employee was not protected by the FMLA because the absence was covered by sick leave, the court held that an employer could not circumvent the FMLA by designating leave that qualified as both sick leave and FMLA leave as purely sick leave so that the employer could discharge the employee free of the restrictions in the FMLA. *Strickland*, 239 F.3d at 1205.

Hill has alleged no such manipulation here. Hill was provided with the leave she requested and was never disciplined for these absences. Further, unlike the employee in *Crossley* who was discharged while on FMLA qualifying leave, Hill claims she was discharged in order to avoid FMLA leave she might take in the future. As set forth above, this type of "termination-as-preemption" theory has been squarely rejected by courts, including this Court. *See Baldwin*, 2019 WL 1115890, at *4 (citing *Laws*, 828 F. Supp. 2d at 920).

## IV. CONCLUSION

Because the allegations in the complaint, even when taken as true, fail to "plausibly give rise to an entitlement to relief[,]" *Iqbal*, 556 U.S. at 679, Count III of the complaint is subject to dismissal. For these reasons, B&W's motion for partial judgment on the pleadings is granted and

Count III is dismissed.

**IT IS SO ORDERED**.

Dated: March 15, 2021

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**